UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| JAY S.,<br><br>　　Plaintiff,<br><br>vs.<br><br>MARTIN J. O'MALLEY, Commissioner of Social Security,<br><br>　　Defendant. | Case No.  1:23-CV-00534-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

Pending is Petitioner Jay S.'s Petition for Review (Dkt. 1) and an accompanying Brief in Support of Petition to Review (Dkt. 15) appealing the Social Security Administration's final decision finding him not disabled and denying his claim for disability insurance benefits.  *See* Pet. for Rev. (Dkt. 1).  This action is brought pursuant to 42 U.S.C. § 405(g).  Having carefully considered the record and otherwise being fully advised, the Court enters the following Memorandum Decision and Order.

## ADMINISTRATIVE PROCEEDINGS

Petitioner is a fifty-five-year-old man who suffers from obesity and back pain.  AR 92.  On March 9, 2021, Petitioner filed an application for social security disability income ("SSDI") as well as an application for supplemental security income ("SSI") alleging a disability onset date of January 1, 2020.  AR 15.  The claim was denied initially and on reconsideration and Petitioner requested a hearing in front of an Administrative Law Judge ("ALJ").  *Id.*  On January 4, 2023, the claim went to a hearing before ALJ John Dowling.  *Id.*  On March 2, 2023, the ALJ issued a decision that was unfavorable to Petitioner.  AR 89-97.

**MEMORANDUM DECISION AND ORDER - 1**

Petitioner appealed this decision to the Appeals Council.  The Council denied Petitioner's request for review, making the ALJ's decision the final decision of the Commissioner of Social Security.  AR 1-3.

Having exhausted his administrative remedies, Petitioner filed this case.  Petitioner raises a single point of error.  Petitioner contends that the ALJ failed to provide clear and convincing reasons for rejecting his testimony about the severity and limiting impact of his back pain.  Pt.'s Br. at 7-11 (Dkt. 15).

## STANDARD OF REVIEW

To be upheld, the Commissioner's decision must be supported by substantial evidence and based on proper legal standards.  42 U.S.C. § 405(g); *Trevizo v. Berryhill*, 871 F.3d 664 (9th Cir. 2017).  Findings as to any question of fact, if supported by substantial evidence, are conclusive.  42 U.S.C. § 405(g).  In other words, if there is substantial evidence to support the ALJ's factual decisions, they must be upheld, even when there is conflicting evidence.  *See Treichler v. Comm'r of Social Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014).

"Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Ludwig v. Astrue*, 681 F.3d 1047, 1051 (9th Cir. 2012).  The standard requires more than a scintilla but less than a preponderance.  *Trevizo*, 871 F.3d at 674.  It "does not mean a large or considerable amount of evidence."  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

With respect to questions of fact, the Court is to review the record as a whole to decide whether it contains evidence that would allow a person of a reasonable mind to accept the conclusions of the ALJ.  *Richardson*, 402 U.S. at 401; *see also Ludwig*, 681 F.3d at 1051.  The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and

**MEMORANDUM DECISION AND ORDER - 2**

resolving ambiguities.  *Treichler*, 775 F.3d at 1098.  Where the evidence is susceptible to more than one rational interpretation, the reviewing court must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record.  *Ludwig*, 681 F.3d at 1051.  In such cases, the reviewing court may not substitute its judgment or interpretation of the record for that of the ALJ.  *Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1196 (9th Cir. 2004).

The decision must be based on proper legal standards and will be reversed for legal error. *Zavalin v. Colvin*, 778 F.3d 842, 845 (9th Cir. 2015); *Treichler*, 775 F.3d at 1098.  Considerable weight is given to the ALJ's construction of the Social Security Act.  *See Vernoff v. Astrue*, 568 F.3d 1102, 1105 (9th Cir. 2009).  However, this Court "will not rubber-stamp an administrative decision that is inconsistent with the statutory mandate or that frustrates the congressional purpose underlying the statute."  *Smith v. Heckler*, 820 F.2d 1093, 1094 (9th Cir. 1987).

## THE SEQUENTIAL PROCESS

In evaluating the evidence presented at an administrative hearing, the ALJ must follow a sequential process in determining whether a person is disabled in general (20 C.F.R. §§ 404.1520, 416.920) – or continues to be disabled (20 C.F.R. §§ 404.1594, 416.994) – within the meaning of the Social Security Act.

The first step requires the ALJ to determine whether the claimant is engaged in substantial gainful activity ("SGA").  20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  SGA is work activity that is both substantial and gainful.  20 C.F.R. §§ 404.1572, 416.972.  "Substantial work activity" is work activity that involves doing significant physical or mental activities.  20 C.F.R. §§ 404.1572(a), 416.972(a).  "Gainful work activity" is work that is usually done for pay or profit, whether or not a profit is realized.  20 C.F.R. §§ 404.1572(b), 416.972(b).  If the claimant is engaged in SGA, disability benefits are denied regardless of his medical condition,

**MEMORANDUM DECISION AND ORDER - 3**

age, education, and work experience. 20 C.F.R. §§ 404.1520(b), 416.920(b). If the claimant is not engaged in SGA, the analysis proceeds to the second step.

The second step requires the ALJ to determine whether the claimant has a medically determinable impairment, or combination of impairments, that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" within the meaning of the Social Security Act if it significantly limits an individual's physical or mental ability to perform basic work activities. 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "not severe" if it does not significantly limit the claimant's physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1522, 416.922. If the claimant does not have a severe medically determinable impairment or combination of impairments, disability benefits are denied. 20 C.F.R. §§ 404.1520(c), 416.920(c).

The third step requires the ALJ to determine the medical severity of any impairments; that is, whether the claimant's impairments meet or equal a listed impairment under 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the answer is yes, the claimant is considered disabled under the Social Security Act and benefits are awarded. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the claimant's impairments neither meet nor equal a listed impairment, the claim cannot be resolved at step three and the evaluation proceeds to step four. 20 C.F.R. §§ 404.1520(e), 416.920(e).

In the fourth step of the evaluation process, the ALJ decides whether the claimant's residual functional capacity ("RFC") is sufficient for the claimant to perform past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations from his

**MEMORANDUM DECISION AND ORDER - 4**

impairments.  20 C.F.R. §§ 404.1545, 416.945.  An individual's past relevant work is work he performed within the last 15 years, or 15 years prior to the date that disability must be established, if the work was substantial gainful activity and lasted long enough for the claimant to learn to do the job.  20 C.F.R. §§ 404.1560(b), 404.1565, 416.960(b), 416.965.

In the fifth and final step, if it has been established that a claimant can no longer perform past relevant work because of his impairments, the burden shifts to the Commissioner to show that the claimant retains the ability to do alternate work and to demonstrate that such alternate work exists in significant numbers in the national economy.  20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v), 404.1520(f), 416.920(f); *see also Garrison v. Colvin,* 759 F.3d 995, 1011 (9th Cir. 2014).  If the claimant can do such other work, he is not disabled; if the claimant cannot do other work and meets the duration requirement, he is disabled.

## THE ALJ'S FINDINGS

The ALJ found that Petitioner suffers from the following severe impairments: obesity and lumbar spine degenerative disc disease.  AR 92.  The ALJ determined that these impairments affect Petitioner's ability to engage in work-related activities in a variety of manners, including that he requires the option to alternate sitting or standing every thirty minutes.  AR 92.  Based on the testimony of a vocational expert (a "VE"), the ALJ concluded that these limitations would prevent Petitioner from returning to his past work as a truck driver.  AR 95.  The ALJ found, however, that Petitioner's limitations would not prevent him from performing an alternative range of light jobs, including working as a marking clerk and an office helper.  AR 96.  The ALJ, therefore, found that Petitioner was not disabled.  AR 96.

**MEMORANDUM DECISION AND ORDER - 5**

**DISCUSSION**

According to Petitioner's medical records and written statements, he has suffered from back pain since he was fourteen years old. AR 325, 460. Petitioner alleges that the pain has worsened as he has aged and that it has become so severe that he can no longer work. AR 325-326, 460, 462. Petitioner reports, for example, he can only stand for 5-10 minutes before sitting and can only sit for an hour or an hour and a half before stretching. AR 119, 122, and 343.

When evaluating the reliability of such testimony, the ALJ engages in a two-step analysis. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Id.* at 1036 (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991). Second, if such objective medical evidence exists, and the ALJ has not determined that the claimant is malingering, the ALJ must provide clear and convincing reasons before rejecting the claimant's testimony regarding the severity of the claimant's symptoms. *Id.*

Generalized findings will not satisfy this standard. The reasons an ALJ provides for rejecting a claimant's symptom testimony "must be sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony . . ." *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015) (quoting *Bunnell*, 947 F.2d at 345-46). In other words, "the 'clear and convincing' standard requires an ALJ to show his work." *Smartt v. Kijakazi*, 53 F.4th 489, 499 (9th Cir. 2022).

On appeal, the district court's role is to review, not redo, this work. If the ALJ's rationale for rejecting a petitioner's testimony is "clear enough that it has the power to convince," the

**MEMORANDUM DECISION AND ORDER - 6**

Court must affirm whether the Court is personally persuaded by the analysis or not. *Smartt*, 53 F.4th at 499.

Here, the ALJ credited Petitioner's testimony in part. Specifically, the ALJ accepted that Petitioner has chronic back pain. AR 94. The ALJ agreed that this pain significantly restricts Petitioner's ability to work, including limiting Petitioner's ability to sit for long periods. AR 92, 94. In light of these restrictions, the ALJ concluded that Petitioner could not return to his prior work as a truck driver. AR 95.

The ALJ, however, rejected Petitioner's claim that his back pain was so debilitating that he could not do other, less strenuous full-time work. AR 94. The ALJ provided three reasons for this conclusion. First, the ALJ noted that Petitioner's back condition was not so severe that it impaired his tendon reflexes, motor function, sensation, or ambulation. AR 94. Second, the ALJ found that Petitioner had "a good response to prescribed medication." *Id.* Finally, ALJ determined that Petitioner's part-time work laying drywall conflicted with his reports of completely debilitating back pain. *Id.*

Petitioner finds fault with each of these reasons. The Court need not address all of Petitioner's critiques in detail. *See Batson v. Comm'r of Social Sec.*, 359 F.3d 1190, 1197 (9th Cir. 2004) (even if the record does not support one of the ALJ's stated reasons for disbelieving a claimant's testimony, the error will be harmless if the ALJ provides other valid reasons for the decision). In this case, Petitioner's work activities constituted a clear and convincing reason for the ALJ's adverse credibility determination.[1]

---

[1] Petitioner spends a significant portion of the briefing recapitulating the medical evidence and highlighting his statements to doctors about the severity of his back pain. While relevant, this evidence is not dispositive. As the Ninth Circuit has explained, the introduction of medical evidence showing that a claimant "has an ailment reasonably expected to produce some pain" does not require an ALJ to credit "every allegation of disabling pain." *Fair v. Bowen*, 885 F.2d

**MEMORANDUM DECISION AND ORDER - 7**

At the disability hearing, Petitioner testified that he had a temporary job helping with sheetrock mudding five hours a day, five or six days a week. AR 120-121. Petitioner averred that he had been working this job about a month. AR 121. Petitioner explained that the job involved laying drywall, which weighs 15-20 pounds and "mudding" up and down a ladder. AR 121. According to Petitioner, during the five-hour work shift, he would take one or two breaks lasting 5-10 minutes each. AR 123. Then, when he finished for the day, he would shower to relax his back, take medication, and lie down. AR 122.

It was reasonable for the ALJ to conclude that this level of work activity was inconsistent with Petitioner's claim of completely disabling back pain. *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where . . . activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of totally debilitating impairment."). Here, Petitioner testified that he can only walk five to ten minutes due to back pain. AR 117. He also reported that he can only walk 50 feet at a time and must rest for 30 minutes before walking again. AR 348. His ability to perform physical labor for five hours a day, five or six days a week calls these avowals into question. It was, accordingly, a clear and convincing reason for the ALJ to reject Petitioner's assertion of disability. *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities

---

597, 603 (9th Cir. 1989). "Many medical conditions," including back pain, "produce pain not severe enough to preclude gainful employment." *Id.* As Petitioner's own medical record notes, "[d]egenerative changes of the spine are common throughout the population." AR 394. In assessing whether a condition, like back pain, prevents a claimant from working, an ALJ considers both the medical record and evidence of the claimant's conduct and activities. *Bray v. Comm'r of Social Sec.,* 554 F.3d 1219, 1227 (9th Cir. 2009) ("In reaching a credibility determination, an ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors.")

**MEMORANDUM DECISION AND ORDER - 8**

that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."); *see also Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) (an ALJ may consider part-time work in determining whether a claimant is disabled).

Nothing Petitioner argues warrants a contrary finding. While a different ALJ may have drawn a different conclusion about Petitioner's abilities based on his part-time employment, this is not grounds for reversal. *See Burch v. Barnhart*, 400 F.3d 676, 680-681 (9th Cir. 2005) (where an ALJ's interpretation of a claimant's activities is rational, that decision must be upheld even if the evidence of the claimant's reported activities "may also admit of an interpretation more favorable" to the claimant). As the Ninth Circuit has repeatedly warned, "[i]t is not the court's role to second-guess an ALJ's reasonable interpretation of a claimant's testimony." *Smartt*, 53 F.4th at 500 (internal citation omitted). Because the ALJ reasonably concluded that Petitioner's part-time work activity conflicted with his testimony, Petitioner's sole assertion of error fails.

## ORDER

Based on the foregoing, Petitioner's Petition for Review and the Brief in Support of Petition to Review (Dkts. 1 & 15) are **DENIED,** and the decision of the Commissioner is **AFFIRMED.**

DATED: November 12, 2024

Raymond E. Patricco
Chief U.S. Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 9**